IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DEMETRIUS M. BOYD,

            Petitioner,

v.

GARY BOUGHTON,

            Respondent.

ORDER

15-cv-718-wmc

---

Petitioner Demetrius M. Boyd seeks a writ of habeas corpus under 28 U.S.C. § 2254, claiming that his conviction violated the double jeopardy clause of the Constitution. After conducting a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the court concludes that this case must be dismissed for lack of subject matter jurisdiction.

Boyd was charged in Wisconsin state court with a number of crimes involving four victims. After trial, Boyd was convicted of twenty crimes: three counts of armed robbery with threat of force, as a party to a crime and as a habitual criminal; taking a vehicle without the owner's consent and in possession of a dangerous weapon, as a party to a crime and as a habitual criminal; unlawfully possessing a firearm as a convicted felon, as a habitual criminal; unlawfully possessing a short-barreled shotgun, as a habitual criminal; operating a vehicle without the owner's consent, as a habitual criminal; battery; unlawfully and intentionally pointing a firearm at another person; resisting or obstructing a law enforcement officer; and ten counts of felony bail jumping, as a habitual criminal. He was sentenced to forty-one years and nine months of confinement and eleven years of extended supervision.

1

On April 27, 2012, Boyd filed a petition for writ of habeas corpus pursuant to § 2254 in the Eastern District of Wisconsin. In it, Boyd asserted five grounds for relief: one double jeopardy claim and four ineffective assistance of trial counsel claims. On August 1, 2014, the court denied each of his arguments on the merits in a 25-page opinion. *Boyd v. Boughton*, No. 12-cv-388, dkt. #39 (E.D. Wis. Aug. 1, 2014.) The Seventh Circuit Court of Appeals affirmed the district court's denial on August 14, 2015. *Boyd v. Boughton*, 798 F.3d 490 (7th Cir. 2015).

OPINION

In his current petition, Boyd is challenging his sentence on the basis that it violates the double jeopardy clause of the Constitution because he was prosecuted after the state caused a mistrial. Boyd's petition is governed by the Antiterrorism and Effective Death Penalty Act (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, which was enacted on April 24, 1996. Under the AEDPA, any "second or successive application" for habeas relief must be authorized by the court of appeals. *See* 28 U.S.C. § 2244(b)(3)(A). Numerically, second filings trigger the prohibition against second-or-successive applications "if they follow a filing that 'counts' as the prisoner's first (and only) opportunity for collateral review." *Vitrano v. United States,* 643 F.3d 229, 233 (7th Cir. 2011) (citation omitted). As Boyd's 2012 § 2254 petition was resolved on the merits, his current motion qualifies as successive.

If Boyd believes that he qualifies for an exception to the prohibition against successive petitions, he must raise this issue with the Court of Appeals for the Seventh Circuit. This is the statutory limitation put in place by 28 U.S.C. § 2244(b)(3), which "creates a 'gatekeeping' mechanism for the consideration of second or successive [habeas] applications

2

in the district court." *Felker v. Turpin,* 518 U.S. 651, 657 (1996). Absent approval from the Seventh Circuit, this court has no authority to consider the petition. *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996) ("A district court must dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing.").

Under Rule 11 of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to petitioner. 28 U.S.C. § 2253(c)(2); *Tennard v. Dretke*, 542 U.S. 274, 282 (2004). Generally, this means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Although the rule allows a court to ask the parties to submit arguments on whether a certificate should issue, it is not necessary to do so in this case. To the extent that this order qualifies as "final" for purposes of Rule 11, the court declines to issue a certificate of appealability because reasonable jurists would not debate whether the petition qualifies as "second or successive" under 28 U.S.C. § 2244(b).

ORDER

IT IS ORDERED that:

1. Petitioner Demetrius Boyd's habeas corpus petition is DISMISSED for lack of authorization as a second or successive application.

2. A certificate of appealability is DENIED. If petitioner wishes he may seek a certificate from the court of appeals under Fed. R. App. P. 22.

Entered this 16th day of May, 2017.

                                BY THE COURT:

                                /s/

                                _____
                                WILLIAM M. CONLEY
                                District Judge