IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DEMETRIUS M. BOYD,

              Petitioner,

v.

GARY BOUGHTON, Warden,
Wisconsin Secure Program Facility,

              Respondent.

OPINION AND ORDER

15-cv-718-wmc

---

In his petition for habeas corpus under 28 U.S.C. § 2254, Demetrius M. Boyd seeks relief from his conviction for assaulting another prisoner in Dodge County Case 11CF160. The petition raises a single issue: whether a Wisconsin circuit court's declaration of a mistrial meant Boyd's subsequent retrial violated the Fifth Amendment's prohibition against double jeopardy. Because petitioner fails to identify any unreasonable factual determination or misapplication of clearly established federal law, however, this court must deny his petition.

FACTS[1]

In its order on Boyd's direct appeal, the Wisconsin Court of Appeals described the background facts as follows:

> Boyd was charged with felony assault by a prisoner under Wis. Stat. § 946.43(2m)(a) (2009–10), based on an allegation that Boyd spit on a corrections officer when Boyd was being moved to a different cell. The incident was recorded on video.

---

[1] The facts are drawn from the record of the state court proceedings, which is attached to the state's response. (Dkt. # 19.)

1

> Prior to trial, Boyd's counsel filed a motion in limine, seeking to exclude from evidence a ten-second portion of the video in which Boyd used "racial slurs," arguing that the language would be unfairly prejudicial. The circuit court granted the motion, and prohibited the playing of the ten seconds of the recording that contained the objectionable language. During the evidentiary phase of the trial, the prosecutor played the video for the jury, omitting the ten-second portion. However, during closing arguments, the prosecutor played portions of the video for the jury, including the ten-second portion. Defense counsel moved for a mistrial.
>
> The circuit court, after listening to the prosecutor's explanation of what had happened, found that the prosecutor had not intentionally violated the court's order.  However, the court granted the motion for mistrial, reasoning that it had already found that the ten seconds including the "racial slurs" was unduly prejudicial to Boyd.  Boyd was tried again and, at the second trial, the prosecutor played the video for the jury without the ten-second portion. The jury returned a guilty verdict, and the court entered a judgment of conviction against Boyd.

*State v. Boyd*, No. 2013AP2575-CR, 2015 WL 13122402, at *1 (Wis. Ct. App. Mar. 13, 2015).

After sentencing, Boyd filed a postconviction motion, arguing that because the prosecutor acted intentionally to provoke a mistrial, his retrial violated the bar against double jeopardy.  More specifically, Boyd argued that the prosecutor acted after notable weaknesses in the State's case had become apparent by the end of the trial.  Boyd also asserted that the prosecutor's failure to argue against a mistrial was further evidence that she had acted intentionally.

The circuit court held an evidentiary hearing on the postconviction motion, including testimony from the prosecutor. (Tr. of Evid. Hrg. (dkt. # 19-21).)  Reviewing what happened at the first trial, the court ultimately found that the prosecutor's playing

2

of the excluded portion of the video "was not in any way, shape or form an intentional act[.]" (*Id*. at 58.) In fact, the trial judge noted that when the excluded portion was played, he happened to be watching the prosecutor, who had many years of experience, and saw that she was "aghast" and had "very much a look that one would have if you made a mistake." (*Id*. at 57.) The court also rejected the notion that the State's case was weak, finding that the prosecution had made "very much a strong case" for conviction. (*Id*. at 58.) Based on these findings, the circuit court simply "refuse[d] to believe" that the prosecutor was somehow "ditching the airplane" at the end of the trial. (*Id*. at 59.)

On appeal, Boyd again argued that his retrial violated his constitutional right not be tried twice for the same offense, as well as that his attorney was ineffective for failing to object upfront to his retrial on double jeopardy grounds.[2] The Wisconsin Court of Appeals rejected Boyd's claims and summarily affirmed his conviction, finding that the circuit court's determination that the prosecutor had not initially provoked a mistrial was not clearly erroneous. *Id*. at *2. The Wisconsin Supreme Court denied Boyd's petition for review as well.

OPINION

In his federal habeas petition, petitioner reasserts his claim that his conviction violates the Double Jeopardy Clause of the U.S. Constitution's Fifth Amendment.

---

[2] Petitioner also argued that he was denied his right to a fair trial, but he is no longer pursuing that claim.

3

Although the Double Jeopardy Clause protects a criminal defendant from repeated prosecutions for the same offense, it does not guarantee "that every time a defendant is put to trial before a competent tribunal he is entitled to go free if the trial fails to end in a final judgment." *Wade v. Hunter*, 336 U.S. 684, 688 (1949). Still, when the court terminates a trial over the defendant's objection -- in the case of a hung jury, for example -- the defendant may not be retried *unless* the court finds a "manifest necessity" exists to require discontinuing the trial. *Id*. at 689. In contrast, when the *defendant* successfully requests a mistrial, he may not invoke the double jeopardy bar to retrial later, unless "the conduct giving rise to the successful motion for a mistrial was *intended* to provoke the defendant into moving for a mistrial." *Oregon v. Kennedy*, 456 U.S. 667, 679 (1982) (emphasis added).

      In this case, because petitioner requested the mistrial, proof of the prosecutor's intent in playing the prohibited portion became central, which explains his assertion that the prosecutor deliberately played the prohibited ten-second portion of the video during closing arguments in order to trigger a mistrial. In particular, petitioner asserts that the prosecutor knew the correctional officers had committed perjury when they testified that they saw spit come out of Boyd's mouth, or at least could not risk the jury so finding.

      As alluded to above, petitioner's ability to obtain federal relief on this claim is severely restricted by 28 U.S.C. § 2254(d), which precludes relief on claims that were adjudicated on the merits in state court *unless* the prisoner shows either that: (1) the state court's adjudication of his claim "resulted in a decision that was contrary to, or involved

4

an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States"; *or* (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(1)-(2).  Moreover, as to the second exception, federal courts *presume* that state court determinations of fact are correct.  28 U.S.C. § 2254(e)(1).  Finally, federal courts must look to the "last reasoned state–court decision" in deciding the merits of the case, which in this case was the Wisconsin Court of Appeals. *Johnson v. Williams*, 568 U.S. 289 (2013).

Here, the Wisconsin Court of Appeals did not unreasonably apply any clearly established federal law or make any unreasonable findings of fact in rejecting petitioner's double jeopardy claim.  With respect to the application of relevant federal law, a state court is not required to cite, or even be aware of, the controlling United States Supreme Court case law, as long as the state court does not contradict that law.  *See Early v. Packer*, 537 U.S. 3, 8 (2002).  Accordingly, the Wisconsin Court of Appeals did not need to cite the Supreme Court's controlling decision in *Kennedy* as long as it applied the proper legal standard correctly, which the court did, holding that Boyd's re-prosecution was barred only if the prosecutor intentionally provoked the mistrial.  *Boyd*, 2015 WL 13122402, *2 (citing *State v. Copening*, 100 Wis. 2d 700, 724, 303 N.W.2d 821 (1981)).

With respect to the state court's findings of fact, this court must defer to the state circuit court's determination that the prosecutor was telling the truth when she asserted her playing of the prohibited portion of the video during the closing argument was an

5

honest mistake and not a deliberate act. *Id*. at *2 ("We will not overturn credibility determinations on appeal unless the testimony upon which those determinations are based is inherently or patently incredible or in conflict with the uniform course of nature or with fully established or conceded facts . . . Boyd has not persuaded us that that is the case here."). Indeed, in deferring to the trial court's credibility determination here, the Wisconsin Court of Appeals specifically noted that it was supported by factual findings that: (1) the prosecutor had an "aghast" look on her face when the excluded portion of the video was played, consistent with someone who has made a mistake; (2) the prosecutor had many years of experience; (3) the prosecutor testified that she would never intentionally disregard a clear court order; (4) explained that the error was caused by her using a different computer during closing argument than she had during the evidentiary portion of the trial; and (5) the prosecution had a strong case. *Id*.

On this record, such a credibility finding is virtually unassailable on collateral review by a federal court. *See Rice v. Collins*, 546 U.S. 333, 341–42 (2006) ("Reasonable minds reviewing the record might disagree about the prosecutor's credibility, but on habeas review that does not suffice to supersede the trial court's credibility determination."); *Morgan v. Hardy*, 662 F.3d 790, 799 (7th Cir. 2011) (showing deference to state trial court's credibility determinations under § 2254(d)(2)). If anything, since even the state appellate court was required to defer to credibility findings by the state trial court, this federal court's deference is even greater.

6

Given this double layer of deference, petitioner cannot prevail on his claim that the prosecutor intentionally provoked the mistrial. In fact, his briefs to this court merely reassert the same arguments the state courts rejected: the prosecution's case was going badly and the prosecutor never moved for a mistrial. Even if this court were to agree, and even that is dubious, petitioner must do more than show the Wisconsin Court of Appeals was wrong; instead, he must show that its decision was *unreasonable* -- that is, "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harington v. Richter*, 562 U.S. 86, 103 (2011). Since petitioner has not come close to making this showing, and the record amply supports the trial court's credibility determination, as well as the Wisconsin Court of Appeals' deference to it, petitioner's application for federal habeas relief must be denied.

ORDER

IT IS ORDERED that petitioner Demetrius Boyd's petition for a writ of habeas corpus is DENIED. Because reasonable jurists would not debate the court's conclusion that Boyd cannot succeed on his double jeopardy claim, no certificate of appealability shall issue. The clerk of court is directed to enter judgment for respondent and close this case.

Entered this 31st day of August, 2020.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge